# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL T. GOODMON, | ) | 1:10cv0550 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| BIG O TIRES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Michael T. Goodmon ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 30, 2010. Plaintiff alleges violations of the Americans with Disabilities Act by his former employer, Defendant Big O Tires, Inc, doing business as Big O Tires/Sierra Quick Lube & Auto Repair ("Defendant").

## DISCUSSION

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

>Fed. R. Civ. P. 8(a) provides:
>
>A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief: and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the Defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Plaintiff's Allegations

Plaintiff alleges that on August 15, 2008, he asked Manager Jason Cieselinski to discuss "the doctors orders after a work related injury."  Mr. Cieselinski replied that he did not have to follow any doctor's orders and was told to "stay out of it" by the insurance company.  Plaintiff alleges that Mr. Cieselinski told him that if he could not do the work, he should quit.  He had approached Mr. Cieselinski several times before this, but Mr. Cieselinski stated that he was busy.

1   Plaintiff also alleges that he informed Mr. Cieselinski of a slip and fall that occurred
2 earlier in the day and of his intention to go to the doctor and take a few days off.  Mr. Cieselinski
3 told Plaintiff that he should just quit, and Plaintiff replied that if he needed to quit to go to the
4 doctor, then he quit.  Plaintiff alleges that Mr. Cieselinski's unwillingness to accommodate the
5 doctor's orders violates the Americans with Disabilities Act.
6   Plaintiff further alleges that on August 16, 2008, he contacted Michael J. Sullivan and
7 informed him of Mr. Cieselinski's actions.  Mr. Sullivan told Plaintiff that he needed to speak to
8 Mr. Cieselinski and would get back to him.  On August 20, 2008, Plaintiff alleges that Mr.
9 Sullivan called him and told him that he was no longer employed with Defendant.  Mr. Sullivan
10 stated that since Plaintiff took his tools home, he assumed he had quit.  Plaintiff alleges that he
11 took his tools because they were disappearing and being damaged.  Plaintiff alleges that Mr.
12 Sullivan told him that if he did not like it, he could sue or contact the Labor Board.
13   Plaintiff requests $150,000 for each violation, along with attorneys' fees and costs.  He
14 also requests that Defendant put in place policies that prevent workplace discrimination.
15 C.   Analysis
16   The ADA prohibits an employer from discriminating against a qualified individual on the
17 basis of a disability.  42 U.S.C. § 12112(a).  To establish a prima facie case under the ADA that
18 Defendant failed to accommodate a disability, Plaintiff must demonstrate that: (1) he is disabled
19 within the meaning of the ADA; (2) he is a qualified individual able to perform the essential
20 functions of the job, with reasonable accommodations; and (3) he suffered an adverse
21 employment action because of his disability.  Allen v. Pacific Bell, 348 F.3d 1113, 1114 (9th
22 Cir.2003) (per curiam); Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir.1999).
23   Here, although Plaintiff alleges that Defendant failed to accommodate his doctor's orders,
24 he does not state the nature of his disability or allege that he was otherwise qualified to perform
25 the position with reasonable accommodations.  It is also not clear whether Plaintiff contends that
26 he quit in response to Mr. Cieselinski's actions, or whether Mr. Sullivan terminated his
27 employment.
28

1    The Court will therefore dismiss the complaint with leave to amend. In his amended
2 complaint, Plaintiff must allege the above elements of an ADA claim. For example, Plaintiff
3 must allege that he is disabled within the meaning of the ADA. The ADA defines a disability as
4 (1) a physical or mental impairment that substantially limits one or more major life activities; (2)
5 a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C.
6 § 12102(1). Plaintiff must also allege that he is a qualified individual who can perform the
7 essential function of his position with reasonable accommodations.

8 D.    Amended Complaint

9    In amending his complaint, Plaintiff is informed that the Court cannot refer to a prior
10 pleading in order to make an amended complaint complete. Local Rule 15-220 requires that an
11 amended complaint be complete in itself without reference to any prior pleading. This is
12 because, as a general rule, an amended complaint supercedes the original complaint. See Loux v.
13 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original
14 pleading no longer serves any function in the case.

15    Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED
16 WITH LEAVE TO AMEND. Plaintiff may file an amended complaint within thirty (30) days of
17 the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended
18 Complaint," and shall refer to the case number assigned to this action. His complaint must allege
19 the elements of an ADA claim, as set forth above.

20    If Plaintiff does not file an amended complaint within this time frame and in accordance
21 with this order, the Court will recommend that this action be dismissed.

23    IT IS SO ORDERED.
24    Dated:   **April 8, 2010**            /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE