# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL T. GOODMON, | ) | 1:10cv0550 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING AMENDED |
| | ) | COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | |
| BIG O TIRES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Michael T. Goodmon ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 30, 2010. Pursuant to this Court's order, he filed an amended complaint ion May 7, 2010. Plaintiff alleges violations of the Americans with Disabilities Act by his former employer, Defendant Big O Tires, Inc, doing business as Big O Tires/Sierra Quick Lube & Auto Repair ("Defendant").

## DISCUSSION

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief: and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the Defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.      Plaintiff's Allegations

Despite the Court's order dismissing the original complaint with leave to amend and explaining the requirements of his claims, Plaintiff has failed to add the required information. He continues to allege that in March 2008, he was injured on the job and given work restrictions by his doctor.[1] Plaintiff, an automobile repair technician, discussed the modifications with

---

[1] According to the amended complaint, Plaintiff was precluded from lifting over 5 pounds, pushing or pulling more than 5 pounds, working above shoulder level and bending more than two times in an hour.

Manager Jason Cieselinski, but had to "turn[] down work because the duty far exceeded his work restrictions and his abilities." Amended Complaint, 1-2. Mr. Cieselinski told him that if he could not do the work, he should just go home.

In August 2008, Plaintiff was injured in a slip and fall at work. Plaintiff and Mr. Cieselinski argued about the accommodations and Mr. Cieselinski told him that he did not have to follow the doctor's recommendations. Plaintiff told him that he needed to go to the doctor as a result of the slip and fall, and that if he needed to quit to go to the doctor, he would do so.

Plaintiff further alleges that on August 16, 2008, he contacted Michael J. Sullivan and informed him of the slip and fall and told him that he had no intention of quitting. Mr. Sullivan told Plaintiff that he needed to speak to Mr. Cieselinski and would get back to him. On August 18, 2008, Plaintiff alleges that Mr. Sullivan called him and told him that he was no longer employed with Defendant. Mr. Sullivan told Plaintiff that he assumed he had quit, and that if he had a problem, he should contact the Labor Board.

Plaintiff requests $300,000 in damages. He also requests that Defendant put in place policies that prevent workplace discrimination.

C.   Analysis

The ADA prohibits an employer from discriminating against a qualified individual on the basis of a disability. 42 U.S.C. § 12112(a). **To establish a prima facie case under the ADA that Defendant failed to accommodate a disability, Plaintiff must demonstrate that: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job, with reasonable accommodations; and (3) he suffered an adverse employment action because of his disability**. Allen v. Pacific Bell, 348 F.3d 1113, 1114 (9th Cir.2003) (per curiam); Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir.1999).

Here, Plaintiff again fails to state the nature of his disability or allege that he was otherwise qualified to perform the position with reasonable accommodations.

The Court will give Plaintiff **one final opportunity to amend his complaint**. In his second amended complaint, Plaintiff must allege the above elements of an ADA claim. For

example, **Plaintiff must allege that he is disabled within the meaning of the ADA**. The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). **Plaintiff must also allege that he is a qualified individual who can perform the essential function of his position with reasonable accommodations**.

D.      Second Amended Complaint

In amending his complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's amended complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff may file a second amended complaint within thirty (30) days of the date of service of this order. Plaintiff's complaint should be clearly titled, "Second Amended Complaint," and shall refer to the case number assigned to this action. His complaint must allege the elements of an ADA claim, as set forth above.

If Plaintiff does not file a second amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed. **This is Plaintiff's final opportunity to amend.**

IT IS SO ORDERED.

Dated:   **May 17, 2010**                         **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE