# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL T. GOODMON, | ) | 1:10cv0550 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| BIG O TIRES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Michael T. Goodmon ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 30, 2010. Pursuant to this Court's order, he filed an amended complaint ion May 7, 2010.

On May 18, 2010, the Court again dismissed Plaintiff's complaint with leave to amend. The Court explained that this would be Plaintiff's final opportunity to amend his complaint and that if an amended complaint was not filed within thirty (30) days of the date of service of the order, the Court would recommend that the action be dismissed. Over thirty (30) days have passed and Plaintiff has not filed an amended complaint or otherwise contacted the Court.

## DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power

to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since March 30, 2010, and Plaintiff has been given two opportunities to correct the deficiencies in his complaint. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779

F.2d at 1424.  The Court's May 18, 2010, order requiring Plaintiff to file an amended complaint expressly stated that if he did not comply, the Court would recommend that this action be dismissed.  It also expressly warned Plaintiff that this was his final opportunity to amend.  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for failure to follow a court order.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 13, 2010               /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE